UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00397-GNS

NICOLAS SEBASTIAN TOMAS NICOLAS                                    PETITIONER

v.

MIKE LEWIS, CUSTODIAN;
SAMUEL OLSON, ICE OFFICER;
MARKWAYNE MULLIN, SEC. DHS;
TODD BLANCHE, ACTING A.G.; and
LAUREN BIZ, ASST. SEC. DHS                                        RESPONDENTS

**<u>ORDER</u>**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In 2004, Petitioner Nicolas Sebastian Tomas Nicolas ("Nicolas"), a native and citizen of Guatemala, entered the United States without inspection.  (Resp'ts' Resp. Show Cause Order Ex. 1, at 3, DN 7-1; Resp'ts' Resp. Show Cause Order Ex. 7, at 3, DN 7-7).  While in the country, Nicolas pleaded guilty three times to operating a vehicle while intoxicated, and each time he was sentenced to a term of 365 days in jail.  (Resp'ts' Resp. Show Cause Order Ex. 1, at 3; Resp'ts' Resp. Show Cause Order Ex. 7, at 4).  On March 19, 2026, he was detained by Immigration and Customs Enforcement ("ICE") officers at the Jennings County Courthouse in Indiana.  (Resp'ts' Resp. Show Cause Order Ex. 1, at 3; Resp'ts' Resp. Show Cause Order Ex. 7, at 4).

In 2019, Nicolas was issued a Notice to Appear and detained.  (Resp'ts' Resp. Show Cause Order Ex. 1, at 3; Resp't's Resp. Show Cause Order Ex. 2, at 2-3, DN 7-2; Resp'ts' Resp. Show Cause Order Ex. 7, at 3).  An immigration judge later released him on a $7,500 bond.

1

(Resp'ts' Resp. Show Cause Order Ex. 3, at 2, DN 7-3).  In 2020, he filed a Form I-485 to register as a permanent resident.  (Resp'ts' Resp. Show Cause Order Ex. 7, at 3).

On October 18, 2022, an immigration judge denied Nicolas' request for cancellation of removal for non-permanent residents pursuant to INA § 240A)(a), and he was ordered to be removed to Guatemala.  (Resp'ts' Resp. Show Cause Order Ex. 4, at 2-3, DN 7-4).  While Nicolas initially appealed that order to the Board of Immigration Appeals, the appeal was dismissed at his counsel's request.  (Resp'ts' Resp. Show Cause Order Ex. 9, at 2-6, DN 7-9; Resp'ts' Resp. Show Cause Order Ex. 10, at 2-4, DN 7-10).

On March 19, 2026, Nicolas' immigration bond was canceled.  (Resp'ts' Resp. Show Cause Order Ex. 6, at 2, DN 7-6).  On that say day, he was served with the Warrant for Arrest of Alien.  (Resp'ts' Resp. Show Cause Order Ex. 8, at 2, DN 7-8).  He is currently detained at the Hopkins County Jail.  (Pet. 1).

On June 8, 2026, Nicolas filed the Petition for Writ of Habeas Corpus against Respondents:  Mike Lewis, Custodian; Samuel Olson, ICE Officer; Markwayne Mull, Secretary of the Department of Homeland Security; and Lauren Biz, Assistant Secretary of the Department of Homeland Security.  (Pet. 1).  He alleges:  (i) his prolonged detention without a meaningful individualized bond hearing violates the Due Process Clause of the Fifth Amendment; (ii) his continued detention is unlawful because he is not a danger to the community or a flight risk; (iii) his continued detention while his immigration appeal is pending violates his due process rights; and (iv) his continued detention has become excessive, punitive, and constitutionally unreasonable under the circumstances.  (Pet. 6-7).

Under Article III of the U.S. Constitution, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a

legally cognizable interest in the outcome." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1978)).

A federal court may exercise habeas jurisdiction when a petitioner alleges that he or she is "in custody" in violation of federal law. *See* 28 U.S.C. § 2241(c)(3). While the Petition challenges Nicolas' continued detention, Respondents have notified the Court that he has been removed from the United States and is no longer in their custody. (Resp'ts' Notice Removal, DN 13). The Court, therefore, cannot grant the relief that Nicolas seeks—his release from custody. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986))). Because any request for release from detention became moot when he was removed from the United States, the Petition is therefore dismissed as moot.

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED AS MOOT**. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 14, 2026

cc:    counsel of record
       Petitioner, *pro se*

3